```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   UNITED STATES,                                           :
                                                            :
                                                            :
                       -against-                            :    06 Cr. 484 (LGS)
                                                            :
                                                            :    ORDER
   JOEL REYES GERMAN,                                       :
                                                            :
                                         Defendant.         :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

**Background**

  WHEREAS, on April 9, 2007, Defendant pleaded guilty to one count of robbery, in violation of 18 U.S.C. § 1951, three counts of attempted robbery, in violation of 18 U.S.C. § 1951, one count of using, carrying and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(C)(1)(A)(iii) and 2, and one count of conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 846.

  WHEREAS, on February 13, 2009, Defendant was sentenced to a total of 300 months imprisonment -- 180 months on the robbery and narcotics offenses, to run consecutively with a 120-month sentence on the firearms charge.

  WHEREAS, Defendant has served just over fifteen years of his twenty-five-year sentence, not accounting for credit for good behavior.

  WHEREAS, Defendant is forty-four years old and is diagnosed with schizophrenia. Over the past two years, Defendant has been actively engaged in treatment for schizophrenia and has

responded well to that treatment. Defendant has had no reported incidents since 2016, and has completed eighteen educational courses in prison.

WHEREAS, Defendant is a citizen of the Dominican Republic, will be removed by DHS/ICE from the United States to the Dominican Republic upon release from prison and intends to cooperate with the removal process.

WHEREAS, on August 6, 2021, Defendant filed a motion for compassionate release or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), on the grounds that Defendant's record of rehabilitation and successful patient treatment constitute extraordinary and compelling circumstances warranting Compassionate Release.

WHEREAS, on August 21, 2021, the Government filed an opposition to Defendant's motion.

**Exhaustion of Administrative Remedies**

WHEREAS, a defendant may move to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) only after exhausting "all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

WHEREAS, on July 6, 2021, Defendant filed a request for compassionate release with Warden FCI Fairton, more than thirty days before filing the instant motion on August 6, 2021. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant's request for compassionate release was denied on August 10, 2021. The parties do not dispute that Defendant has exhausted his administrative remedies.

**Extraordinary and Compelling Reasons**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a defendant's term of imprisonment only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

WHEREAS, district courts have discretion "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling reasons exist to justify his request for a sentence reduction. *United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).

WHEREAS, 28 U.S.C. § 994(t) states that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."

WHEREAS, Defendant has not demonstrated the requisite extraordinary and compelling circumstances warranting a sentence reduction. Defendant has made great progress toward rehabilitation, including completing eighteen educational courses and having no reported incidents in the past five years. However, rehabilitation alone does not establish the extraordinary and compelling circumstances required. *See Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that rehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.") (internal quotation marks omitted); *United States v. Saleh*, No. 93 Crim. 181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020) (denying defendant's motion for compassionate release on grounds that extensive rehabilitation alone does not constitute an extraordinary and compelling reason);

*United States v. Minaya*, No. 01 Crim. 619, 2020 WL 5512518, at *2 (S.D.N.Y. Sept. 14, 2020) (denying defendant's motion for compassionate release while recognizing defendant's admirable efforts toward education and personal betterment).

WHEREAS, participation in mental health treatment is not an extraordinary or compelling circumstance. While Defendant's commitment to his mental health treatment is commendable, it is not enough, in conjunction with other stated rehabilitation, to warrant compassionate release. *See United States v. Hoti*, No. 15 Crim. 651, 2021 WL 2581670, at *4 (S.D.N.Y. June 23, 2021) (denying defendant's motion for compassionate release where defendant regularly participated in mental health treatment and raised concerns regarding the threat of COVID-19, and physical violence and unwanted sexual advances suffered while incarcerated); *cf. United States v. Pena*, 459 F. Supp. 3d 544, 552 (S.D.N.Y. 2020) (granting defendant's motion for compassionate release based on obtaining mental health treatment, drug and alcohol rehabilitation, working in food services, receiving no disciplinary infractions while in custody, the aberrational nature of his crime and his advanced age).

WHEREAS, even if Defendant had provided an extraordinary and compelling justification for release, the § 3553(a) factors would outweigh that justification.

**<u>Sentencing Factors Under Section 3553(a)</u>**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have

been found guilty of similar conduct; (4) the sentencing guidelines and (5) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  While these factors serve as guidelines, a court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release."  *Brooker*, 976 F.3d at 237.

WHEREAS, the factors set forth in § 3553(a) do not support a reduction in sentence. Defendant pleaded guilty to six counts, including one count of robbery, three counts of attempted robbery, one count of using, carrying and possessing a firearm in furtherance of a crime of violence and one count of conspiracy to distribute and possession with intent to distribute cocaine for his role as a "core member" of an organization that committed armed robberies and kidnappings from 2002 to mid-2006.  The organization was responsible for physical and psychological torture of the victims, and Defendant himself participated in carrying out the robberies, using weapons, recruiting others, strategizing to limit criminal exposure and individually selling large quantities of cocaine.  Although his efforts at rehabilitation and self-improvement are commendable, the seriousness of the crimes underlying the conviction weighs against granting the motion for compassionate release.  It is hereby

**ORDERED** that, Defendant's motion for compassionate release is **DENIED**.

Dated: November 1, 2021
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**