```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
JOEL REYES GERMAN,                                           :
                                    Petitioner,              :     22 Civ. 7409 (LGS)
                                                             :     6 Crim. 484-3 (LGS)
                    -against-                                :
                                                             :     OPINION AND ORDER
UNITED STATES OF AMERICA,                                    :
                                    Respondent.              :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Petitioner Joel Reyes German brings this habeas petition to vacate his 18 U.S.C. § 924(c) gun conviction based on an attempted Hobbs Act robbery, which is no longer a valid § 924(c) predicate after the Supreme Court's recent decisions in *United States v. Davis*, 588 U.S. 445 (2019), and *United States v. Taylor*, 596 U.S. 845 (2022). For the reasons below, the Petition is denied.

I.     **BACKGROUND**

Petitioner was arrested in June 2006 and charged in a fifteen-count indictment with (1) one count of conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One), (2) two substantive counts of Hobbs Act robbery (Counts Two and Eight), (3) four counts of attempted Hobbs Act robbery (Counts Four, Six, Ten and Twelve) and (4) one count of narcotics conspiracy (Count Fourteen). In relation to all but the first count, Petitioner was also charged with seven gun offenses under 18 U.S.C. § 924(c), which authorizes enhanced punishments for those who use or carry a firearm in connection with a crime of violence or drug trafficking crime (Counts Three, Five, Seven, Nine, Eleven, Thirteen, Fifteen). *See* 18 U.S.C. § 924(c)(1)(A). Specifically, Count Seven charged that Petitioner *discharged* a weapon in furtherance of the attempted Hobbs Act robbery charged in Count Six; Count Seven carried a

mandatory minimum sentence of ten years. *See id.* at § 924(c)(1)(A)(iii). Counts Three, Five, Nine, Eleven and Thirteen charged that Petitioner carried (or aided and abetted the carrying of) a firearm, which was *brandished*, in furtherance of the charged Hobbs Act robberies and attempted robberies. Count Fifteen charged that Petitioner carried (or aided and abetted the carrying of) a firearm, which was brandished, in connection with the narcotics conspiracy.[1] The brandishing counts each carried a mandatory minimum sentence of seven years. *See id.* at § 924(c)(1)(A)(ii). All 924(c) counts were required to run consecutively. *See* 18 U.S.C. § 924(c)(1)(D).

In April 2007, pursuant to a written plea agreement ("Plea Agreement"), Petitioner pleaded guilty to six counts -- one count of a completed Hobbs Act robbery (Count Two), three counts of attempted Hobbs Act robbery (Counts Four, Six and Ten), one § 924(c) gun offense based on the discharge of a firearm in relation to the attempted Hobbs Act robbery in Count Six (Count Seven), and one count of narcotics conspiracy (Count Fourteen). In February 2009, Petitioner was sentenced to a term of imprisonment of twenty-five years -- fifteen years on the completed and attempted Hobbs Act robberies and narcotics conspiracy, to be served concurrently, followed by a mandatory consecutive term of ten years on the § 924(c) conviction for discharging a gun in furtherance of an attempted Hobbs Act robbery. Petitioner did not challenge his conviction or sentence on appeal.

The enhanced sentences in § 924(c) apply to a person who possesses, brandishes or discharges a firearm in furtherance of a "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The law on whether an attempted Hobbs Act robbery qualifies as a "crime of

---

[1] Although all of the firearms charges reference § 924(c)(1)(C)(1)-(2), which requires a mandatory minimum sentence of twenty-five years if the defendant was previously convicted under § 924(c) and carries a "machine gun," which includes the semi-automatic rifle charged in Count Fifteen, *see* 26 U.S.C. 5845(b), Defendant German had no criminal record at the time he was sentenced. Consequently, this provision was inapplicable to him.

2

violence" under § 924(c) has evolved since Petitioner was sentenced. Section 924(c)(3) defines "crime of violence" as an offense that is a felony and either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," referred to as the "Elements Clause," or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," referred to as the "Residual Clause." In 2019, the Supreme Court held that the Residual Clause is unconstitutionally vague. *Davis*, 588 U.S. at 448. In 2022, the Supreme Court held that attempted Hobbs Act robbery "does not qualify as a crime of violence under the Elements Clause" as a matter of statutory interpretation. *Taylor*, 596 U.S. at 852.[2]

Petitioner's first § 2255 petition was filed and denied prior to these developments. In June 2016, Petitioner filed his first § 2255 petition following *Johnson v. United States*, 576 U.S. 591 (2015), in which the Supreme Court struck down as unconstitutionally vague 18 U.S.C. § 924(e)(2)(B)(ii), a statute with language similar to as the Residual Clause of § 924(c). 576 U.S. at 597. Petitioner argued that § 924(c) was "materially indistinguishable" from § 924(e)(2)(B)(ii), and *Johnson* necessarily rendered attempted Hobbs Act robbery no longer a crime of violence under § 924(c). Based on the Second Circuit's now-overturned decision in *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018), which held that attempted Hobbs Act robbery is a crime of violence under the Elements Clause, the petition was denied. *United States v. German*, No. 6 Crim. 484, 2018 WL 11691252, at *2 (S.D.N.Y. June 6, 2018).

After *Taylor* overruled *Hill*, Petitioner moved in the Second Circuit for leave to file a successive § 2255 petition. The court granted the motion, stating that "the district court will

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

3

have the preliminary task of determining whether the claim in Petitioner's § 2255 motion -- as to which we have only concluded that a prima facie showing has been made -- satisfies the threshold requirement governing successive § 2255 motions . . . ."

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2255, a "prisoner in custody" may "move the court which imposed the sentence to vacate, set aside or correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A successive § 2255 petition, like the one at issue here, is subject to an additional requirement that the successive petition "must be certified . . . by a panel of the appropriate court of appeals" and contain "newly discovered evidence . . ." or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2).

A petitioner is generally "barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal," a failure referred to as "procedural default." *United States v. Peña*, 58 F.4th 613, 620 (2d Cir. 2023). A petitioner wishing to raise a new argument thus must overcome this procedural default by establishing "(1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Id.* at 621. This requirement similarly applies to a petitioner who pleaded guilty and did not appeal his sentence. *Tavarez v. United States*, 81 F.4th 234, 239 (2d Cir. 2023) ("A petitioner may seek collateral relief to challenge the constitutional validity of a guilty plea . . . . But where such a claim was not raised on direct review the defendant must first demonstrate either cause and actual prejudice or that he is actually innocent.").

To demonstrate cause, a petitioner "must show some objective factor external to the defense . . . such that the claim was so novel that its legal basis was not reasonably available to counsel." *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019).  To establish prejudice, a petitioner "shoulder[s] the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).  Therefore, if "other evidence of guilt presented at trial" is so substantial as to support a conviction regardless, it will "negate any possibility of actual prejudice resulting" from the alleged error.  *Wainwright v. Sykes*, 433 U.S. 72, 91 (1977); *accord Richardson v. Miller*, No. 22 Civ. 6606, 2024 WL 763395, at *9 (S.D.N.Y. Feb. 23, 2024) (applying *Frady* and *Wainwright*).

"[I]n the context of a guilty plea," a petitioner seeking to establish prejudice "must show that the violation affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea." *Wright v. United States*, No. 21-966-PR, 2022 WL 15562091, at *2 (2d Cir. Oct. 28, 2022) (summary order).  Conversely, the court will not find prejudice if the record contains sufficient evidence that the defendant "would have had little genuine hope of being acquitted" and would have pleaded guilty even if the error had not occurred.  *United States v. Dussard*, 967 F.3d 149, 156-57 (2d Cir. 2020) (applying the reasonable-probability requirement on direct appeal); *see Gayle v. United States*, No. 21-2872, 2023 WL 1126926, at *2 (2d Cir. Jan. 31, 2023) (summary order) (observing that the standard to overcome procedural default is more stringent than the one to succeed on direct appeal).

**III.   DISCUSSION**

Petitioner's § 2255 petition is denied because Petitioner has not established prejudice. Petitioner did not challenge his conviction or sentence on appeal and thus may raise the arguments in the Petition only if he can overcome the procedural default, which requires showing "(1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Peña*, 58 F.4th at 621.  Petitioner has not attempted to show actual innocence but instead claims prejudice -- that he "would not have pled guilty to the § 924(c) charge had he known [that attempted Hobbs Act robbery] was not a valid predicate offense."  This argument is unpersuasive because a showing of prejudice demands more; Petitioner must show a reasonable probability that he would not have pleaded guilty and would have proceeded to trial even if the § 924(c) charge were tied to a different, still-valid predicate.  *See Dussard*, 967 F.3d at 158 (in plain error analysis, finding no prejudice where nothing in the record suggests that the defendant "would not have pleaded guilty . . . if the Plea Agreement had referred instead to the drug trafficking predicate"); *see also Cuff v. United States*, No. 16 Civ. 5119, 2024 WL 4858983, at *7 (S.D.N.Y. Nov. 21, 2024) (finding no prejudice when petitioner's admissions to murder and attempted murder -- still valid predicates -- with a firearm were sufficient to sustain a § 924(c) conviction).

Petitioner's § 924(c)(1)(A) conviction could have been tied to a still-valid predicate, the narcotics conspiracy charge, Count Fourteen, to which Petitioner pleaded guilty.  A narcotics conspiracy still serves as a valid § 924(c)(1)(A) predicate as "a drug trafficking crime." § 924(c)(1)(A)(i) (creating an additional penalty for firearm use in relation to "any crime of violence or drug trafficking crime").  While Count Fifteen, the current § 924(c)(1)(A) charge tied to Count Fourteen, charges Petitioner with brandishing, not discharging a firearm, Petitioner and the Government could have negotiated and agreed to an Information that substitutes Count Seven

6

with a revised Count Fifteen charging Petitioner with discharging a firearm in furtherance of a narcotics conspiracy. So long as there was "legally sufficient proof that the predicate crime was, in fact, committed," the ten-year mandatory minimum would still be triggered even when the predicate crime was not charged in the Indictment. *Tavarez*, 81 F.4th at 241.

Such "legally sufficient proof" exists here because Petitioner admitted to discharging a firearm in furtherance of a narcotics conspiracy in his plea allocution. *Id.* At his plea hearing, Petitioner admitted, in relation to Count Six, that he shot a gun in "a robbery attempt, for drugs," on November 25, 2003. He also admitted, in relation to Count Fourteen, that between 2002 and 2006, he sold cocaine with several others, in an amount of 5 kilograms or more. When asked whether the drugs sold "were . . . part of the drugs that were stolen in these robberies" -- referring to the robbery (Count Two) and attempted robberies (Counts Four, Six and Ten) -- or "other drugs," Petitioner responded "[b]oth." Based on his own admissions, Petitioner "would have had little genuine hope of being acquitted of" a § 924(c) charge of discharging a gun in furtherance of the narcotics conspiracy to which he pleaded guilty. *Dussard*, 967 F.3d at 156-57.

Relying on several cases from this district, Petitioner argued that he was prejudiced by pleading guilty to discharging a gun in furtherance of the attempted robbery charged in Count Six, because the Plea Agreement and the plea colloquy both expressly provided that Count Six was the only predicate, and now attempted robbery is an invalid predicate for the gun charge. *See Aquino v. United States*, No. 13 Cr. 536, 2020 WL 1847783 (S.D.N.Y. Apr. 13, 2020); *Clayton v. United States*, 456 F. Supp. 3d 575 (S.D.N.Y. 2020); *Camacho v. United States*, No. 13 Cr. 58, 2019 WL 3838395 (S.D.N.Y. Aug. 15, 2019). The cases on which Petitioner relied are distinguishable because the petitioners there, unlike Petitioner here, did not admit to facts sufficient to sustain the § 924(c) conviction. In two cases, the petitioners admitted to conspiracy

7

to commit robberies, but the admissions, standing alone, were insufficient to support a drug trafficking conspiracy, leaving the § 924(c) convictions without valid predicates. *Camacho*, 2019 WL 3838395, at *2; *Clayton*, 456 F. Supp. 3d at 579. In another case, the petitioner admitted to facts sufficient for a drug trafficking conspiracy, but "did not admit or allocute to possession and use of a firearm in furtherance of a drug trafficking crime," the necessary nexus to sustain a § 924(c) conviction. *Aquino*, 2020 WL 1847783, at *2. Here, Petitioner admitted to both the underlying drug trafficking conspiracy and the fact that he shot a gun in an attempt to obtain drugs to be sold as part of the conspiracy.

Petitioner has not shown a reasonable probability that he "would not have pleaded guilty . . . if the Plea Agreement had referred instead to the drug trafficking predicate." *Dussard*, 967 F.3d at 158; *see Roberts v. United States*, No. 15 Crim. 95-16, 2022 WL 1471309, at *4 (S.D.N.Y. May 10, 2022) ("It defies logic to assume, in retrospect, that [p]etitioner would not have pled to the necessary predicate when that drug-trafficking offense would have also subjected him to the same 120 months of incarceration."). Petitioner was willing to accept a plea agreement that resulted in a minimum sentence of twenty years -- including the ten-year mandatory and consecutive minimum sentence under § 924(c), and the ten-year mandatory sentence for narcotics conspiracy, as well as one completed and three attempted Hobbs Act robberies. In exchange, the Government agreed to drop the remaining nine counts, comprising six § 924(c)(1)(A) charges, each of which carried a seven-year mandatory minimum consecutive sentence, for a total of fifty-six years necessarily added to any sentence; plus one count of conspiracy to commit Hobbs Act robbery (Count One), one count of substantive Hobbs Act robbery (Count Eight) and one count of attempted Hobbs Act robbery (Count Twelve), each carrying a twenty-year maximum for a possible addition of sixty years.

Nothing suggests that in a but-for world without the now-invalid 924(c) charges predicated on attempted robbery, Petitioner would have rejected the same plea offer, substituting the narcotics count as a predicate for the discharged gun charge. The Government's agreement to drop the remaining counts, including two § 924(c)(1)(A) charges, each of which would still be valid under *Davis* and *Taylor* and carried a seven-year mandatory minimum consecutive sentence, for a total of fourteen years added to any sentence, plus the sixty possible additional years provides no rational basis to reject the plea offer and instead go to trial.

IV.   **CONCLUSION**

For the reasons above, Petitioner's petition to vacate under 28 U.S.C. § 2255 is **DENIED**. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. *See* 28 U.S.C. § 2253(c)(2); *Gray v. United States*, 980 F.3d 264, 265 (2d Cir. 2020).

The Clerk of Court is respectfully directed to close the motion at Dkt. 226 in this case, 6 Crim. 484-3, and to close civil case No. 22 Civ. 7409 and enter judgment.

Dated:  June 3, 2025
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE